**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Tel.: (212) 309-6000
Fax: (212) 309-6273

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------X

COURTNEY PRINCE,                                        :
                                                        :        Civil Action No.
                                       Plaintiff,       :        04 CV 08151 (RWS)
                                                        :
             -against-                                  :
                                                        :
CABLEVISION SYSTEMS CORPORATION,                        :
d/b/a Madison Square Garden, a corporation;             :
JASON VOGEL, an individual; and RYAN HALKATT,           :
an individual,                                          :
                                                        :
                                       Defendants.      :
                                                        :
--------------------------------------------------------------------X

<u>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**</u>

Defendants Cablevision Systems Corporation ("Cablevision"), Madison Square Garden,

L.P., improperly identified as "d/b/a Madison Square Garden" ("MSG") (collectively, the

"Company Defendants"), Jason Vogel and Ryan Halkett (improperly identified in the Complaint

as "Ryan Halkatt") (collectively, the "Individual Defendants"), by and through their attorneys,

Morgan, Lewis & Bockius LLP, answer the Complaint of Plaintiff Courtney Prince ("Plaintiff")

as follows:

<u>**NATURE OF THE CASE**</u>

1.       Paragraph No. 1 of the Complaint contains conclusions of law to which no

response is required.  To the extent a response is required, MSG and the Individual Defendants

deny the allegations contained in Paragraph No. 1 of the Complaint except to admit and aver

that: (a) Plaintiff was a member and captain of the Rangers City Skaters; (b) Plaintiff reportedly

told some of her teammates (hereinafter referred to as "Skaters") a version or versions of an alleged incident involving Mr. Vogel, another male and Plaintiff; (c) MSG conducted an investigation of the alleged incident (despite Plaintiff's failure to report it to management and her refusal to cooperate in the investigation), and also investigated serious allegations made against Plaintiff by other Skaters; and (d) Plaintiff purports to bring this action alleging harassment and retaliation. Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of the Complaint. All Defendants specifically deny that they engaged in any wrongful, discriminatory or otherwise unlawful conduct.

2.      Plaintiff's charge filed with the Equal Employment Opportunity Commission ("EEOC"), attached to the Complaint as Exhibit 1, is a document that speaks for itself. To the extent a response is required, MSG denies the allegations contained in Paragraph No. 2 of the Complaint. Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 of the Complaint. All Defendants specifically deny that they engaged in any wrongful, discriminatory or otherwise unlawful conduct.

3.      The EEOC's letter of determination, attached to the Complaint as Exhibit 2, and proposed conciliation agreement, attached to the Complaint as Exhibit 3, are documents that speak for themselves. To the extent a response is required, MSG denies the allegations contained in Paragraph No. 3 of the Complaint. Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 of the Complaint. All Defendants specifically deny that the EEOC conducted a thorough investigation and that they engaged in any wrongful, discriminatory or otherwise unlawful conduct.

4.      Except to admit that Plaintiff purports to bring this action to enforce her rights, MSG denies the allegations contained in Paragraph No. 4 of the Complaint.  Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 of the Complaint.  All Defendants specifically deny that they engaged in any wrongful, discriminatory or otherwise unlawful conduct.

## JURISDICTION AND VENUE

5.      The allegations contained on Paragraph No. 5 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to bring this action against the Company Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("NYSHRL") and the New York City Administrative Code §§ 8-101 et seq. ("NYCHRL"), and against the Individual Defendants under the NYSHRL, the NYCHRL and New York tort law.  All Defendants specifically deny that they violated these or any other federal, state or local statutes, rules or regulations, or common law and that they engaged in any wrongful, discriminatory or otherwise unlawful conduct.

6.      The allegations contained in Paragraph 6 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations and specifically deny that supplemental jurisdiction can or should be exercised as to Plaintiff's state and city law claims.

7.      The allegations contained in Paragraph 7 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that

the acts and omissions complained of occurred, but admit that venue is proper in this judicial district.

## ADMINISTRATIVE PREREQUISITES

8.      The allegations contained on Paragraph No. 8 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, MSG admits that Plaintiff has apparently satisfied all administrative prerequisites to commencing an action under Title VII.  Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 of the Complaint.

9.      Plaintiff's EEOC charge, attached to the Complaint as Exhibit 1, is a document that speaks for itself.  To the extent a response is required, MSG denies that it engaged in any wrongful, discriminatory or otherwise unlawful conduct.  Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 9 of the Complaint.

10.      Defendant MSG admits that the EEOC interviewed certain witnesses and obtained certain documents, but denies that the EEOC conducted a thorough investigation.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10 of the Complaint.

11.      The EEOC's letter of determination, attached to the Complaint as Exhibit 2, is a document that speaks for itself.  To the extent a response is required, MSG denies the allegations contained in Paragraph No. 11 of the Complaint.  Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph No. 11 of the Complaint. All Defendants specifically deny that they engaged in any wrongful, discriminatory or otherwise unlawful conduct.

12.    The EEOC's proposed conciliation agreement, attached to the Complaint as Exhibit 3, is a document that speaks for itself. MSG denies the allegations contained in Paragraph No. 12 of the Complaint. Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 12 of the Complaint. All Defendants specifically deny that they engaged in any wrongful, discriminatory or otherwise unlawful conduct.

13.    MSG denies the allegations contained in Paragraph No. 13 of the Complaint and avers that it entered into a conciliation agreement that was satisfactory to the EEOC and that the EEOC therefore declined to pursue any further action against MSG or any other Defendant. Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 13 of the Complaint.

14.    MSG denies the allegations contained in Paragraph No. 14 of the Complaint except to admit that Plaintiff obtained a Right to Sue letter that speaks for itself. Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 14 of the Complaint.

15.    Paragraph No. 15 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 of the Complaint.

**THE PARTIES**

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 of the Complaint.

17.     Defendants admit that MSG's principal place of business is in this judicial district, and otherwise deny the allegations contained in Paragraph No. 17 of the Complaint.

18.     Paragraph No. 18 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, MSG admits that it is an "employer" within the purview of Title VII, the NYSHRL and the NYCHRL.

19.     Paragraph No. 19 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Halkett admits that he is a resident of the state of New York, and denies the remaining allegations contained in Paragraph No. 19 of the Complaint.

20.     Paragraph No. 20 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Vogel denies the allegations contained in Paragraph No. 20 of the Complaint.

**FACTUAL ALLEGATIONS**

21.     With respect to the allegations contained in Paragraph No. 21 of the Complaint, MSG and Halkett aver that MSG hired Plaintiff in 2002 to be an ice skater during entertainment portions of New York Rangers hockey games and that the "Rangers City Skaters" team came into being in 2003.  MSG and Halkett further state that they lack knowledge or information sufficient to form a belief about whether Plaintiff is a professional ice skater.  Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 21 of the Complaint.

22.     Paragraph No. 22 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, MSG and Halkett admit the allegations contained in Paragraph No. 22 of the Complaint except deny that Halkett is a "managerial employee."   Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph No. 23 of the Complaint, except to aver that Vogel is Director, Public Relations for the New York Rangers.

24.     MSG and Halkett admit the allegations contained in Paragraph No. 24 of the Complaint.  Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 24 of the Complaint.

25.     MSG and Halkett admit that Plaintiff was named captain of the Rangers City Skaters in August 2003.  MSG and Halkett deny that Plaintiff fully and accurately conveyed to the Skaters the directives of Halkett and "MSG management" regarding many aspects of their performance.  To the contrary, MSG and Halkett aver, based on information provided by several Skaters, that Plaintiff falsely attributed to Halkett and MSG directives, desires and/or opinions regarding aspects of her teammates' performance and appearance that had no basis in anything expressed by MSG or Halkett.  MSG and Halkett further aver that Plaintiff admitted doing so. Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 25 of the Complaint.

26.     MSG and Halkett admit that Plaintiff brought to their attention some of the individuals who were subsequently selected to be part of the Rangers City Skaters.  MSG and Halkett otherwise deny the allegations contained in Paragraph No. 26 of the Complaint.

Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 26 of the Complaint.

27.     MSG and Halkett deny the allegations contained in Paragraph No. 27 of the Complaint.  Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 27 of the Complaint,

28.     MSG and the Individual Defendants admit that Plaintiff went to a bar called Lobby after a Rangers game on December 22, 2003, and otherwise deny the allegations contained in Paragraph 28 of the Complaint.  Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 28 of the Complaint.

29.     Vogel denies the allegations contained in Paragraph 29 of the Complaint. Cablevision, MSG and Halkett lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 29 of the Complaint,

30.     Vogel admits that Plaintiff, Vogel and another male took a taxi to a bar in the West Village called Daddy-O's and that the other Skaters did not go there, and otherwise denies the allegations contained in Paragraph 30 of the Complaint.  Cablevision, MSG and Halkett lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 30 of the Complaint.

31.     Vogel denies the allegations contained in Paragraph No. 31 of the Complaint. Cablevision, MSG and Halkett lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 31 of the Complaint.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 32 of the Complaint.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 33 of the Complaint.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 34 of the Complaint, except to aver that John Rosasco (improperly identified in the Complaint as John "Rossco") is Vice President, Public Relations for the New York Rangers and is Vogel's immediate superior.

35.     MSG and Halkett admit that MSG has a policy concerning the interaction between skaters and hockey players and otherwise deny the allegations contained in Paragraph No. 35 of the Complaint.  Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 35 of the Complaint.

36.     MSG, Halkett and Vogel admit that Messrs. Rosasco, Vogel and Halkett have been at bars and restaurants at the same time as some of the Skaters and otherwise deny the allegations contained in Paragraph 36 of the Complaint.  Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 36 of the Complaint.

37.     MSG and Halkett admit that they learned that Plaintiff had made statements about the Public Relations Department, and that MSG attempted to discuss Plaintiff's statements, along with serious allegations made against Plaintiff by other Skaters, at a meeting with Plaintiff held on January 22, 2004.  MSG and Halkett otherwise deny the allegations contained in Paragraph No. 37 of the Complaint.  Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 37 of the Complaint.

38.     MSG and Halkett deny the allegations contained in Paragraph No. 38 of the Complaint.  Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 38 of the Complaint.

39.     MSG, Halkett and Vogel deny the allegations of Paragraph No. 39 of the Complaint, except to aver that since about February, 2004, promotional images of the Skaters have not included Plaintiff.  Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 39 of the Complaint.

40.     MSG and Halkett deny the allegations contained in Paragraph No. 40 of the Complaint, except to admit that some Skaters asked them about Plaintiff's status.  Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 40 of the Complaint.

41.     MSG denies that Plaintiff was discharged from employment, and otherwise admits the allegations contained in Paragraph No. 41 of the Complaint.  Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 41 of the Complaint.

42.     MSG avers that it conducted a neutral, thorough investigation into the alleged incident raised by Plaintiff and also investigated serious allegations made against Plaintiff by other Skaters, some of which it was aware of on and prior to January 22, 2004.  MSG otherwise denies the allegations contained in Paragraph No. 42 of the Complaint.  Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 42 of the Complaint.

43.     MSG avers that it conducted a neutral, thorough investigation into the alleged incident raised by Plaintiff and also investigated serious allegations made against Plaintiff by

other Skaters, some of which it was aware of on and prior to January 22, 2004; that it interviewed all of the Skaters other than Plaintiff (who declined to be interviewed); that it interviewed some Skaters more than once; and that it interviewed other MSG employees.  MSG otherwise denies the allegations contained in Paragraph No. 43 of the Complaint.  Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 43 of the Complaint.

44.     MSG denies the allegations contained in Paragraph No. 44 of the Complaint. Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44 of the Complaint.

45.     MSG denies that any pressure was exerted on the Skaters in connection with MSG's investigation.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 45 of the Complaint.

46.     MSG avers that (a) it was aware of a number of serious allegations made against Plaintiff by other Skaters on or before January 22, 2004; and that (b) it conducted a neutral, thorough investigation into those allegations, and (b) its decisions concerning Plaintiff's employment status were based on those allegations and the evidence supporting them.  MSG otherwise denies the allegations contained in Paragraph No. 46 of the Complaint.  Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 46 of the Complaint.

47.     MSG avers that a number of serious allegations were made against Plaintiff by other Skaters before and after January 22, 2004, including but not limited to the allegation that Plaintiff encouraged the Skaters to stuff their bras, and that she stated that she wanted them to look more "f**kable."  MSG otherwise denies the allegations contained in Paragraph No. 47 of

the Complaint.  Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 47 of the Complaint.

48.    MSG and Halkett deny the allegations contained in Paragraph No. 48 of the Complaint.  Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48 of the Complaint.

49.    MSG avers that it was told by one or more Skaters, among other things, that Plaintiff encouraged and/or assisted some of them to take diet pills and otherwise denies the allegations contained in Paragraph No. 49 of the Complaint.  Halkett denies the allegations contained in Paragraph No. 49 of the Complaint.  Cablevision and Vogel lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49 of the Complaint.

50.    MSG avers that one Skater told MSG that she was taking diet pills.  MSG otherwise denies the allegations contained in Paragraph No. 50 of the Complaint.  Cablevision and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 50 of the Complaint.

51.    MSG avers that numerous other Skaters told MSG, among other things, that Plaintiff regularly engaged in and encouraged "sex talk" in the Skaters' locker room and other places.  MSG and the Individual Defendants otherwise deny the allegations contained in Paragraph No. 51 of the Complaint.  Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 51 of the Complaint.

52.    Paragraph No. 52 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, MSG and the Individual Defendants

deny the allegations contained in Paragraph No. 52 of the Complaint.  Cablevision lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph No. 52 of the Complaint.  All Defendants specifically deny that they engaged in any

wrongful, discriminatory or otherwise unlawful conduct.

## FIRST CAUSE OF ACTION: TITLE VII

53.      Paragraph No. 53 of the Complaint contains conclusions of law to which no

response is required.  To the extent a response is required, MSG and the Individual Defendants

deny the allegations contained in Paragraph No. 53 of the Complaint.  Cablevision lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph No. 53 of the Complaint.  All Defendants specifically deny that they engaged in any

wrongful, discriminatory or otherwise unlawful conduct.

54.      MSG and the Individual Defendants deny the allegations contained in Paragraph

No. 54 of the Complaint.  Cablevision lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph No. 54 of the Complaint.  All Defendants

specifically deny that they engaged in any wrongful, discriminatory or otherwise unlawful

conduct.

## SECOND CAUSE OF ACTION: NYSHRL

55.      Paragraph No. 55 of the Complaint contains conclusions of law to which no

response is required.  To the extent a response is required, MSG and the Individual Defendants

deny the allegations contained in Paragraph No. 55 of the Complaint.  Cablevision lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph No. 55 of the Complaint.  All Defendants specifically deny that they engaged in any

wrongful, discriminatory or otherwise unlawful conduct.

56.      MSG and the Individual Defendants deny the allegations contained in Paragraph No. 56 of the Complaint. Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 56 of the Complaint. All Defendants specifically deny that they engaged in any wrongful, discriminatory or otherwise unlawful conduct.

## THIRD CAUSE OF ACTION: NYCHRL

57.      MSG and the Individual Defendants deny the allegations contained in Paragraph No. 57 of the Complaint. Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 57 of the Complaint. All Defendants specifically deny that they engaged in any wrongful, discriminatory or otherwise unlawful conduct.

58.      MSG and the Individual Defendants deny the allegations contained in Paragraph No. 58 of the Complaint. Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 58 of the Complaint. All Defendants specifically deny that they engaged in any wrongful, discriminatory or otherwise unlawful conduct.

## FOURTH CAUSE OF ACTION: ASSAULT AND BATTERY

59.      Vogel denies the allegations contained in Paragraph No. 59 of the Complaint and specifically denies that he engaged in any wrongful, discriminatory or otherwise unlawful conduct.

60.      Vogel denies the allegations contained in Paragraph No. 60 of the Complaint and specifically denies that he engaged in any wrongful, discriminatory or otherwise unlawful conduct.

61.     Vogel denies the allegations contained in Paragraph No. 61 of the Complaint and specifically denies that he engaged in any wrongful, discriminatory or otherwise unlawful conduct.

### FIFTH CAUSE OF ACTION: AIDING AND ABETTING UNDER NYSHLR

62.     Halkett denies the allegations contained in Paragraph No. 62 of the Complaint and specifically denies that he engaged in any wrongful, discriminatory or otherwise unlawful conduct.

### SIXTH CAUSE OF ACTION: AIDING AND ABETTING UNDER NYCHLR

63.     Halkett denies the allegations contained in Paragraph No. 63 of the Complaint and specifically denies that he engaged in any wrongful, discriminatory or otherwise unlawful conduct.

### GENERAL DENIAL

Defendants deny each and every allegation contained in the Complaint not specifically admitted herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted against the Company Defendants and/or the Individual Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Cablevision at all relevant times made a good faith effort to comply with all applicable statutes and laws and, therefore, Plaintiff cannot recover punitive damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the Company Defendants exercised reasonable care to prevent and correct promptly any discriminatory behavior and

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Company Defendants or to otherwise avoid harm.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

All of Defendants' actions towards Plaintiff were taken based on legitimate, non-discriminatory business reasons.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Even if Plaintiff could prove that her gender or any complaint she made was a factor in any decision made by Defendants, Defendants would have taken the same action because of legitimate, nondiscriminatory reasons which were completely unrelated to her gender and/or complaints.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no economic losses and/or has not sufficiently attempted to mitigate any economic losses.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Any emotional distress suffered by Plaintiff was not caused by any Defendant or by any of its or their agents.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to severe or pervasive harassment because of her sex.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff was at all times an at-will employee.

Defendants reserve the right to assert additional affirmative defenses as Plaintiff's claims are clarified in the course of this litigation.

Dated:   November 29, 2004
         New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By: _____
        Christopher A. Parlo (CP-4310)
        Christopher P. Reynolds (CR-8338)

101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
Fax: (212) 309-6273

Attorneys for Defendants

1-NY/1847788.2

-17-