```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

COURTNEY PRINCE,

                     Plaintiff,          04 Civ. 8151 (RWS)

     -against-                               MEMORANDUM
                                              OPINION
MADISON SQUARE GARDEN, L.P., a
corporation, JASON VOGEL, an
individual; and RYAN HALKATT, an
individual,

                     Defendants.

------------------------------------X

A P P E A R A N C E S:


     Attorneys for Plaintiff

     OUTTEN & GOLDEN LLP
     3 Park Avenue, 29th Floor
     New York, NY 10016
     By:  Kathleen Peratis, Esq.
          Tammy Marzigliano, Esq.
          Carmelyn P. Malalis, Esq.


     Attorneys for Defendants

     MORGAN, LEWIS & BOCKIUS LLP
     101 Park Avenue
     New York, NY 10178
     By:  Christopher P. Reynolds, Esq.
          Christopher A. Parlo, Esq.
          Melissa C. Rodriguez, Esq.
```

**Sweet, D.J.**

The plaintiff, Courtney Prince ("Prince" or "Plaintiff"), has moved for an order directing defendants, Madison Square Garden, L.P. (the "Garden"), Jason Vogel ("Vogel"), and Ryan Halkett ("Halkett") (collectively the "Defendants") to produce notes, e-mails, and other information related to the internal investigation that the Defendants conducted in response to Plaintiff's complaints of discrimination and sexual harassment.

**Prior Proceedings**

This action was commenced with the filing of the complaint on October 18, 2004, in which Prince asserted claims of sexual harassment, wrongful discharge, retaliation, assault and battery, and aiding and abetting. The prior proceedings in this action have been set forth in the opinions of this Court of May 6, 2005, <u>Prince v. Cablevision Sys. Corp.</u>, No. 04 Civ. 8151(RWS), 2005 WL 1060373 (S.D.N.Y. May 6, 2005), and April 10, 2006, <u>Prince v. Madison Square Garden</u>, 427 F. Supp. 2d 372 (S.D.N.Y. 2006).

The instant motion to compel discovery was made by letter to the Court dated December 4, 2006. Oral argument on the

motion was heard on January 3, 2007, and the motion was marked submitted on that date.

**The Investigations**

Prince claims that she was effectively terminated on January 22, 2004. (Pl.'s Reply Mem. 5.) Prince filed an administrative charge of discrimination, dated March 4, 2004. (Defs.' Mem. in Opp'n 4; Rodriguez Aff., Dec. 15, 2006, Ex. 1.) This action was commenced on October 18, 2004.

Defendants assert that, upon learning of Prince's allegations of sexual harassment in late January 2004, the Garden commenced an internal investigation into Prince's claims that was conducted exclusively by the Garden and/or Cablevision employees. (Defs.' Mem. In Opp'n 2.)

Defendants claim that the Garden retained Morgan, Lewis & Bockius LLP ("MLB") as outside counsel for the purpose of defending against both the administrative charge and the instant lawsuit filed by Prince. (Defs.' Mem. in Opp'n 4; Noel Affirmation, Dec. 15, 2006, ¶ 7.) Defendants' privilege log includes communications from "C. Parlo," an MLB attorney, described as "[h]andwritten notes regarding investigation," dated

as early as January 24 and 27, 2004. (Peratis Decl., Dec. 22, 2006, Ex. K, Entry #8.)

Defendants further claim that a second investigation was commenced by and under the direction of outside counsel for the purposes of litigation defense. (Defs.' Mem. in Opp'n 4.) At oral argument on the motion, Defendants represented that this second investigation was commenced on or about March 30, 2004. The privilege log reflects that a round of interviews was commenced on March 30, 2004, and that these interviews continued through April and into early May 2004. (See Peratis Decl., Dec. 22, 2006, Ex. K.)

**Conclusions**

Whether or not there were two completely separate investigations, at some point, the purpose and focus of the investigation had to have shifted from an internal investigation in response to Prince's claims to an investigation for the purposes of mounting a legal defense against any such claims. See Welland v. Trainer, No. 00 Civ. 0738(JSM), 2001 WL 1154666, at *2 (S.D.N.Y. Oct. 1, 2001) (concluding that the investigation focus changed and that documents produced after a certain point were protected by the work-product privilege); EEOC v. Rose Casual Dining, L.P., No. Civ.A. 02-7485, 2004 WL 231287, at *3

(E.D. Pa. Jan. 23, 2004) (concluding that defendants had conducted two separate investigations).

Accordingly, based on the parties' submissions and oral argument on the instant motion:

(1)  Defendants will produce the underlying investigation, but not defense, materials regarding the charges or complaints of harassment and/or gender discrimination that the Garden has already produced in this action, including the complaints or charges in the Ward, Lund, Cuddeback, Albericci, and Browne Sanders matters. All such materials shall be produced within ten days of this order or such period as the parties may agree upon or the Court may order upon good cause shown.

(2)  Defendants will complete a survey of all internal claims and/or complaints of sex discrimination and/or sexual harassment that were filed, Garden-wide, between the dates of January 1, 2002, and December 31, 2004, and report the results of that survey to the Court within ten days of this order or such period as the parties may agree upon or the Court may order upon good cause shown. The Court will make additional determinations, as appropriate, regarding the

production of any materials related to these internal claims and/or complaints.

(3) Defendants will produce all internal investigation materials related to Prince's claims that were created prior to the commencement of Defendants' outside counsel's investigation on March 30, 2004, as well as documents related to any corrective actions taken as a result of the internal investigation and that may form part of the Defendants' Faragher-Ellerth defense. See McGrath v. Nassau County Health Care Corp., 204 F.R.D. 240, 244 (E.D.N.Y. 2001) (describing the Faragher-Ellerth defense). All such materials shall be produced within 20 days of this order or such period as the parties may agree upon or the Court may order upon good cause shown

It is so ordered.

New York, NY
February 26, 2007

ROBERT W. SWEET
U.S.D.J.